WAPLES, Surviving Partner of Waples and Lingo,
v. PETER WAPLES.

Supreme Court.   Sussex.   March, 1799.

*Wilson's Red Book, 227.**

*Wilson* objected to this evidence.   A separate debt cannot be set off against a joint one, nor a joint against a separate, Tidd Pr. 216, 217.   Defendant, a surviving partner, may set off a joint debt against a demand on him in his own right, because plaintiff can pay the joint debt to no person else, but if the surviving partner was plaintiff, suing for the joint debt, the private demand against the deceased is no set-off, for that must come against the administrator, who is liable if he has assets.   And the surviving partner's balance might be affected by such set-off if the estate of deceased partner is insolvent, which would be subjecting the survivor to pay the private debts of his partner.

*Bayard.*   This is a question to be decided rather by the jury than the court whether an individual or partners are liable to a demand.   3 Esp.N.P. 406, a private loan to a partner may be bound by the agreement by him as a partner.   In this case Lingo agreed to pay this account, or the principal part of it, by iron work.   N. Waples's handwriting at the foot of it may perhaps show an admission of the balance as due from the partnership.

---

* This case is also reported in *Bayard's Notebook, 244.*

*Wilson.* The case in 3 Esp.N.P. 406 is a much stronger case than this; the partner was away from home on partnership business, he purchased a large supply for the firm and borrowed no more than was evidently necessary to convey the goods home, and therefore the loan was virtually for the firm, which should bear its own expenses. In this case almost no part of the account is for the partnership. One partner may contract for the partnership, and each partner is ultimately liable for all the contracts of the partnership, but each partner has not at his option to saddle the partnership with all his private debts, nor is the firm bound to make good the contracts of the individual any further than his share extends. The writing of plaintiff at the foot of the account is only carrying out interest. If it is an admission of the truth of the account, it only can be an account against Lingo, for the firm is not debited, and he has done nothing towards admitting it as an account against the firm. The incompetency of this evidence is clearly a subject for the court's consideration.

JOHNS, C. J. The competency of this evidence depends upon the evidence to be produced. This paper is produced to prove the liability of the partnership, and therefore admissible to prove the fact that this paper was presented to Colonel Waples, and that he has done something with it, but what effect it is to have is to be determined by the jury.

It was proved for defendant that Lingo used to receive of customers to the shop articles for the shop and for his own use.

Plaintiff then showed the shop books wherein those things had been entered by Lingo, but he had not entered credits to defendant's account.

The arguments were much as before.

CHIEF JUSTICE. This is an action by administratrix of surviving partner, and there is a set-off, and this is the question: plaintiff's counsel says the set off is a private debt, which cannot be set off against a partnership one. The law is as he has stated, but the application is the question, for is this a private debt? If you think the debt was contracted on the faith of the partnership fund, then it is not a private debt. The question is whether defendant trusted Lingo on his private credit or that of Waples and Lingo in partnership, and Lingo's not crediting ought to be considered. Any partner might make a debt, not originally a partnership one, such by his consent.

Verdict for defendant.